MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
ST. LOUIS CITY

BENITO WALKER, WILLIAM LUCE, JR.,　§
BARBRA AUSTIN, ELAINE CASE,　§
ANNETTE DAY, DOROTHY EADS,　§
PAUL FOSTER, JR., MASON GEISINGER,　§
MARY-ANN HERNANDEZ, KAREN　§
HILL, IRA KARBELING, THERESA　§
LEWIS, DANIEL MITCHELL, ARNOLD L.　§
VERSAW, JR., HARRY WILSON, III, as　§
Personal Representative of the Estate of　§
MARGARET L. WILSON (DECEASED),　§
MARIAN L. GREENHALGH, ROBERT　§
LALIBERTE, ROBERT J. BLUM,   JR., NORMA §
ORTIZ, HORACE SISCO, JOANNE V.　§
KOLINSKI, LEROY RAUSCH,　§
RICHARD WEBMAN, RICHARD　§
REINHOLD, PATRICK ABRAHAMSON,　§
KARIN COPELAND, GEORGE BABCOCK,　§
DOROTHY CRANE, KATHLEEN JUBREY,　§
CHARLES W. SPENCER, JUDY HOLTEN,　§
JOSEPH HAUSER, JEFFREY A. BOBROVSKY,　§
GWENDOLYN CARTER, PAULA DEWEY,　§
EDDIE HORN, SHARON LAKEY, NANCY K.　§
MCKAIG, GLADYS RIVERA, EDUARDO　§
VIELMAS, DONNA ALLSHOUSE,　§
JOHN COLLINS, JERRY A. SHELTON,　§
RANDALL BARTON, JAMES L. BARROW,　§
MARIE L. BROWER, TED CONNOR, ROSE M.　§
TAYLOR, JOHNNY DAVIS, JONI R. DUNN,　§
JEFFERY W. EGBERT, CASEY ELDREDGE,　§
DAVID FRANKLIN, FRANK HOPPEN,　§
SHEARON HOWARD, ANNA LABUTINA,　§
GINA MAKOVSKY, SIDNEY NEWMAN,　§
ALFRED THOMAS, WENDELL J. WALKER,　§
DOUGLAS WINTERS, STEWART A. MARTIN,　§
GARY G. PEDERSON, ROBERT SZYMCZAK,　§
MISTY CASTILLO, EDWARD C. ELLIOTT,　§
KENNETH E. SCHEMM, MARIA GALVEZ,　§
GEORGIA ROBERSON, SAVITRI SINGH,　§
BARBARA JAIMET, ROBERTA J. STEEL,　§
DARRYL R. HANEY, DONNA J. LEE, RAMEZ §
TULEIMAT, REBECCA CHEUNG,　§
MARGARET TOMLINSON, ANDREW　§

Division No. _1_

Case No. 1122-CC09621

PLAINTIFFS' ORIGINAL
PETITION

2011 SEP -9  PM 3: 42

**PLAINTIFFS' ORIGINAL PETITION**                                           **PAGE 1**

LOGUERCIO, PETER D. COLEN, MARTHA §
FERGUSON, TIMOTHY P. HOAG, WILLIAM §
KONO, KEMISON HENRY, CLARA E. DUNEM, §
BRENDA A. ROBINSON, EARL ANDERSON, §
LEONA BRAND, CHRISTINA G. CHAVEZ, §
MAY M. MADKOUR, ERMA C. §
MONTGOMERY, LINDA SCHULZ, ELIAS §
SEPULVEDA, JAMES SHIFLET, JOSEPH E. §
ANGE, SR., MICHAEL A. MORRIS, *and* §
JERRY LAUGHLIN, §
§
     Plaintiffs, §
§
v. §
§
MONSANTO CO., SOLUTIA, INC., §
PHARMACIA CORP., and PFIZER, INC., §
§
     Defendants. §

## PLAINTIFFS' ORIGINAL PETITION

COME NOW PLAINTIFFS BENITO WALKER, WILLIAM LUCE, JR.,

BARBRA AUSTIN, ELAINE CASE, ANNETTE DAY, DOROTHY EADS, PAUL

FOSTER, JR., MASON GEISINGER, MARY-ANN HERNANDEZ, KAREN HILL,

IRA KARBELING, THERESA LEWIS, DANIEL MITCHELL, ARNOLD L.

VERSAW, JR., HARRY WILSON, III, as Personal Representative of the Estate of

MARGARET L. WILSON (DECEASED), MARIAN L. GREENHALGH, ROBERT

LALIBERTE, ROBERT J. BLUM, JR., NORMA ORTIZ, HORACE SISCO, JOANNE

V. KOLINSKI, LEROY RAUSCH, RICHARD WEBMAN, RICHARD REINHOLD,

PATRICK ABRAHAMSON, KARIN COPELAND, GEORGE BABCOCK, DOROTHY

CRANE, KATHLEEN JUBREY, CHARLES W. SPENCER, JUDY HOLTEN, JOSEPH

HAUSER, JEFFREY A. BOBROVSKY, GWENDOLYN CARTER, PAULA DEWEY,

EDDIE HORN, SHARON LAKEY, NANCY K. MCKAIG, GLADYS RIVERA,

EDUARDO VIELMAS, DONNA ALLSHOUSE, JOHN COLLINS, JERRY A. SHELTON, RANDALL BARTON, JAMES L. BARROW, MARIE L. BROWER, TED CONNOR, ROSE M. TAYLOR, JOHNNY DAVIS, JONI R. DUNN, JEFFERY W. EGBERT, CASEY ELDREDGE, DAVID FRANKLIN, FRANK HOPPEN, SHEARON HOWARD, ANNA LABUTINA, GINA MAKOVSKY, SIDNEY NEWMAN, ALFRED THOMAS, WENDELL J. WALKER, DOUGLAS WINTERS, STEWART A. MARTIN, GARY G. PEDERSON, ROBERT SZYMCZAK, MISTY CASTILLO, EDWARD C. ELLIOTT, KENNETH E. SCHEMM, MARIA GALVEZ, GEORGIA ROBERSON, SAVITRI SINGH, BARBARA JAIMET, ROBERTA J. STEEL, DARRYL R. HANEY, DONNA J. LEE, RAMEZ TULEIMAT, REBECCA CHEUNG, MARGARET TOMLINSON, ANDREW LOGUERCIO, PETER D. COLEN, MARTHA FERGUSON, TIMOTHY P. HOAG, WILLIAM KONO, KEMISON HENRY, CLARA E. DUNEM, BRENDA A. ROBINSON, EARL ANDERSON, LEONA BRAND, CHRISTINA G. CHAVEZ, MAY M. MADKOUR, ERMA C. MONTGOMERY, LINDA SCHULZ, ELIAS SEPULVEDA, JAMES SHIFLET, JOSEPH E. ANGE, SR., MICHAEL A. MORRIS, *and* JERRY LAUGHLIN who allege as follows:

## I. PARTIES

1. Plaintiff BENITO WALKER resides at 4451 Forest Park Ave., Spt. 823, St. Louis, MO 63108;

2. Plaintiff WILLIAM LUCE, JR. resides at 1420 S. Williwaw Dr. Palmer, AK 99645;

3. Plaintiff BARBRA AUSTIN resides at 2412 Foothille Blvd., #183, Calistoga, CA 94515;

4. Plaintiff ELAINE CASE resides at 18700 Florida St., #303, Huntington Beach, CA 92648;

5. Plaintiff ANNETTE DAY resides at 1982 Windmill Circle, Santa Rosa, CA 95403;

6. Plaintiff DOROTHY EADS resides at 2706 W. Ashlan, Space 167, Fresno, CA 93705;

7. Plaintiff PAUL FOSTER, JR. resides at 71963 Eleanora Ln., Rancho Mirage, CA 92270;

8. Plaintiff MASON GEISINGER resides at 8600 Monte Verde Rd., El Sobrante, CA 94803;

9. Plaintiff MARY-ANN HERNANDEZ resides at P.O. Box 3452, Covina, CA 91722;

10. Plaintiff KAREN HILL resides at P.O. Box 4365 Clearlake, CA 95422;

11. Plaintiff IRA KARBELING resides at 22207 Cantara St., Canoga Park, CA 91304;

12. Plaintiff THERESA LEWIS resides at 1423 E. Thousands Oak Blvd., #118; Thousand Oaks, CA 91362;

13. Plaintiff DANIEL MITCHELL resides at 124 Mariposa Avenue, Chowchilla, CA 93610;

14. Plaintiff ARNOLD L. VERSAW, JR. resides at 764 Cathedral Dr., Aptos, CA 95003;

15. Plaintiff HARRY WILSON, III, as Personal Representative of the Estate of MARGARET L. WILSON (DECEASED), resides at 461 Gilda Avenue, Martinez, CA 94553;

16. Plaintiff MARIAN L. GREENHALGH resides at 8485 Williamsburg Drive, Colorado Springs, CO 80920;

17. Plaintiff ROBERT LALIBERTE resides at 2346 Valley Forge Rd., Colorado Springs, CO 80907;

18. Plaintiff ROBERT J. BLUM, JR. resides at 101 Island Drive, Ponte Vedra Beach, FL 32082;

19. Plaintiff NORMA ORTIZ resides at 914 Helena Dr., Brandon, FL 33511;

20. Plaintiff HORACE SISCO resides at 1610 S. Orange Blossom Tr., Lot 30, Olando, FL 32805;

21. Plaintiff JOANNE V. KOLINSKI resides at 5123 S. Lotus Ave., Chicago, IL 60638;

22. Plaintiff LEROY RAUSCH resides at 302 Orchard Cove, Jacksonville, IL 62650;

23. Plaintiff RICHARD WEBMAN resides at 10 Bowdoin St., Unit 22, Boston, MA 02114;

24. Plaintiff RICHARD   REINHOLD resides at 54072 Longneedle Dr., Shelby Township, MI 48315;

25. Plaintiff PATRICK ABRAHAMSON resides at 308 Buffalo Hills Lane W., Brainerd, MN 56401;

26. Plaintiff KARIN COPELAND resides at 58 Antler Ct., Medford, NJ 08055;

27. Plaintiff GEORGE BABCOCK resides at 174 Main St., Apt. #1, Ravena, NY 12143;

28. Plaintiff DOROTHY CRANE resides at 2278 Jackson Hill Rd., Treadwell, NY 13846;

29. Plaintiff KATHLEEN JUBREY resides at 1545 Broadway, Apt. #8F, Watervliet, NY 12189;

30. Plaintiff CHARLES W. SPENCER resides at 229 Charlie Burton Rd., Westford, NY 13488;

31. Plaintiff JUDY HOLTEN resides at 2803 County St., #2791, Chickasha, OK 73018;

32. Plaintiff JOSEPH HAUSER resides at 1330 W. 33rd St., Erie, PA 16508;

33. Plaintiff JEFFREY A. BOBROVSKY resides at 8414 Ashlawn Dr., Houston, TX 77083;

34. Plaintiff GWENDOLYN CARTER resides at 328 Ruth St., Denton, TX 76205;

35. Plaintiff PAULA DEWEY resides at 2 Carson St., Borger, TX 79007;

36. Plaintiff EDDIE HORN resides at 211 Abilene St., Borger, TX 79007;

37. Plaintiff SHARON LAKEY resides at NGG 22 Lake Cherokee, Longview, TX 75603;

38. Plaintiff NANCY K.  MCKAIG resides at P.O. Box 2307, Texas City, TX 77592;

39. Plaintiff GLADYS RIVERA resides at 520 Sheffield Dr., Richardson, TX 75081;

40. Plaintiff EDUARDO VIELMAS resides at 715 S. Upper Broadway, #604, Corpus Christi, TX 78401;

41. Plaintiff DONNA ALLSHOUSE resides at   27370 Main St., Hallwood, VA 23359;

42. Plaintiff JOHN COLLINS resides at 453 Charter Oak Dr., Newport News, VA 23608;

43. Plaintiff JERRY A. SHELTON resides at P.O. Box 442, Verdunville, WV 25649;

44. Plaintiff RANDALL BARTON resides at 5809 CR 3250, Peace Valley, MO 65788;

45. Paintiff JAMES L. BARROW resides at 29 Terrace Dr., Cotati, CA 94931;

46. Plaintiff MARIE L. BROWER resides at 5249 Jensen Rd., Castro Valley, CA 94552;

47. Plaintiff TED CONNOR resides at 106 Rey Ct., Santa Cruz, CA 95062;

48. Plaintiff ROSE M. TAYLOR resides at 2839 Jamestown Loop, Floral, AR 72534;

49. Plaintiff JOHNNY DAVIS resides at 2612 Ritchie St., Oakland, CA 94605;

50. Plaintiff JONI R. DUNN resides at 33050 Turner, Lake Elsinore, CA 92530;

51. Plaintiff JEFFERY W. EGBERT resides at 2555 Flosden Rd., #82, American Canyon, CA 94503;

52. Plaintiff CASEY ELDREDGE resides at 978 Mendocino Dr., Ukiah, CA 95482;

53. Plaintiff DAVID FRANKLIN resides at 773 Kern St., Richmond, CA 94805;

54. Plaintiff FRANK HOPPEN resides at 21951 Midcrest Dr., Lake Forest, CA 92630;

55. Plaintiff SHEARON HOWARD resides at 3795 39th Ave., Apt. A, Oakland, CA 94619;

56. Plaintiff ANNA LABUTINA resides at 11563 Duque Dr., Studio City, CA 91604;

57. Plaintiff GINA MAKOVSKY resides at 957 Mohr Ln., Concord, CA 94518;

58. Plaintiff SIDNEY NEWMAN resides at 2375 Range Ave., #28, Santa Rosa, CA 95403;

59. Plaintiff ALFRED THOMAS resides at 4332 San Pablo Ave., Emeryville, CA 94608;

60. Plaintiff WENDELL J. WALKER resides at 260 29th St., #39, Oakland, CA 94611;

61. Plaintiff DOUGLAS WINTERS resides at 2525 Flosden Rd., #213, American Canyon, CA 94503;

62. Plaintiff STEWART A. MARTIN resides at 11202 Osage Cr., Unit C, Westminster, CO 80234;

63. Plaintiff GARY G. PEDERSON resides at 8661 Kim Ct., Parker, CO 80134;

64. Plaintiff ROBERT SZYMCZAK resides at 11233 W. 102nd Dr., Westminster, CO 80021;

65. Plaintiff MISTY CASTILLO resides at 5212 Moon St., Zephyrhills, FL 33541;

66. Plaintiff EDWARD C. ELLIOTT resides at 12230 137th St., North Largo, FL 33774;

67. Plaintiff KENNETH E. SCHEMM resides at 2940 SW 13th Ct., Ft. Lauderdale, FL 33312;

68. Plaintiff MARIA GALVEZ resides at 8923 Knight Ave., #104, Des Plaines, IL 60016;

69. Plaintiff GEORGIA ROBERSON resides at 1693 35th Ave., E. Moline, IL 61244;

70. Plaintiff SAVITRI SINGH resides at 2604 Yarmouth Dr., Wellington, FL 33414;

71. Plaintiff BARBARA JAIMET resides at P.O. Box 95, Willisville, IL 62997;

72. Plaintiff ROBERTA J. STEEL resides at 40 St. Botolph St., #26, Boston, MA 02116;

73. Plaintiff DARRYL R. HANEY resides at 3446 Laura Ave., Wayne, MI 48184;

74. Plaintiff DONNA J. LEE resides at 619 Cadillac Shores Dr., #102, Cadillac, MI

49601;

75. Plaintiff RAMEZ TULEIMAT resides at 7140 Kings Way, Flushing, MI 48433;

76. Plaintiff REBECCA CHEUNG resides at 10703 27th Ave. S. Burnsville, MN 55337;

77. Plaintiff MARGARET TOMLINSON resides at 1902 Lowerstone Chruch Rd., Rockwell, NC 28138;

78. Plaintiff ANDREW LOGUERCIO resides at 675 Fifth Ave., River Edge, NJ 07661;

79. Plaintiff PETER D. COLEN resides at 439 9th St., Apt. 3B, Brooklyn, NY 11215

80. Plaintiff MARTHA FERGUSON resides at 90 Shinglehouse Rd., Millwood, NY 10546;

81. Plaintiff TIMOTHY P. HOAG resides at P.O. Box 33, Brasher Falls, Ny 13613;

82. Plaintiff WILLIAM KONO resides at 23 Peterson Ct., Troy, NY 12180;

83. Plaintiff KEMISON HENRY resides at 176-01 127th Ave., Jamaica, NY 11434;

84. Plaintiff CLARA E. DUNEM resides at 4209 SE Elmhurst, Lawton, OK 73501;

85. Plaintiff BRENDA A. ROBINSON resides at 185 Hoot Loop, Cartright, OK 74731;

86. Plaintiff EARL ANDERSON resides at 1005 State Rt. 200, Henderson, TN 38340;

87. Plaintiff LEONA BRAND resides at 14024 Rodeo Daze Dr., Haslet, TX 76052;

88. Plaintiff CHRISTINA G. CHAVEZ resides at 6485 Iris County Rd., Lyford, TX 78569;

89. Plaintiff MAY M. MADKOUR resides at 14902 Preston Rd., #404-950, Dallas, TX 75254;

90. Plaintiff ERMA C. MONTGOMERY resides at 2514 Perryton Dr. D, Apt. #5118, Dallas, TX 75224;

91. Plaintiff LINDA SCHULZ resides at P.O. Box 643, Bridge City, TX 77611;

92. Plaintiff ELIAS SEPULVEDA resides at 11504 N. Bryan Rd., Mission, TX

78573;

93. Plaintiff JAMES SHIFLET resides at 329 Aycock, Clute, TX 77531;

94. Plaintiff JOSEPH E. ANGE, SR. resides at 721 Walton Dr., Virginia Beach, VA 23464;

95. Plaintiff MICHAEL A. MORRIS resides at 322 60th St., Newport News, VA 23607;

96. Plaintiff JERRY LAUGHLIN resides at 23 NW 225 Rd., Warrensburg, MO 64093;

97. Defendant MONSANTO CO. ("NEW MONSANTO") is a Delaware corporation that has its corporate headquarters and principal place of business in St. Louis County, Missouri.

98. Defendant SOLUTIA, INC. ("SOLUTIA") is a Delaware corporation that has its corporate headquarters and principal place of business in St. Louis County, Missouri.

99. Defendant PHARMACIA CORP. ("PHARMACIA" or "Old Monsanto") is a Delaware corporation that, since its merger with Defendant Pfizer, Inc. in 2003, has had its headquarters and principal place of business in New York, NY.

100.    Defendant PFIZER, INC.. ("PFIZER") is a Delaware corporation that has its corporate headquarters and principal place of business in New York, NY.

101.    Venue is proper in St. Louis City under MO. STAT. § 508.010(4) because this is a toxic tort case in which Plaintiff BENITO WALKER, a Missouri resident, was first injured by Defendants' wrongful conduct by being first exposed to PCBs at his birthplace in the City of St. Louis. *See* MO. STAT. § 508.010(14) ("A plaintiff is considered first injured where the trauma or exposure occurred rather than where symptoms are first manifested.").

102.    THIS CAUSE IS NOT REMOVABLE.    There is no diversity of citizenship among the parties.    Moreover, Defendants NEW MONSANTO and SOLUTIA are citizens of the State of Missouri for purposes of federal diversity jurisdiction and removal statutes.  *See* 28 U.S.C.§ 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business..").    Because no diversity of citizenship exists, Defendants may not invoke diversity jurisdiction under 28 U.S.C. § 1332. Moreover, even if diversity of citizenship existed, because at least one Defendant is a resident of Missouri, where this action is filed, Defendants cannot remove this action on the basis of diversity.  28 U.S.C. § 1441(b).  Plaintiffs affirmatively disclaim any damages or action arising under the constitution, treaties, or laws of the United States (including any claim arising from an act or omission on a federal enclave, or of any officer of the U.S. or any agency or person acting under him occurring under color of such office).   No claim of admiralty or maritime law is raised.   Plaintiffs sue no foreign state or agency.   The damages that are sought by the Plaintiffs, exclusive of interests and costs, exceed the minimum jurisdictional limits of this Court.

### III.  FACTUAL BACKGROUND

103.    Plaintiffs are residents of Alaska, Arkansas, California, Colorado, Florida, Illinois, Massachusetts, Michigan, Minnesota, Missouri, North Carolina, New Jersey, New York, Oklahoma, Pennsylvania, Tennessee, Texas, Virginia, and West Virginia who developed lymphohematopietic cancer after being exposed to chemical products designed, manufactured, and distributed by Defendants.

104.    From 1901 to 1997 the original Monsanto Co., also known as Monsanto Chemical Co., operated as a Missouri corporation manufacturing a variety of chemicals and agricultural products. This original corporate Monsanto entity, which is now sometimes referred to as "Old Monsanto," ceased to exist in 1997 as the result of a series of corporate spin-offs and acquisitions. At that time, Old Monsanto's chemical division was split off and reformed into a newly-independent corporation, which was renamed "Solutia, Inc." one of the Defendants in this action. As part of this 1997 spin-off, Solutia assumed certain of Old Monsanto's debts and liabilities, including all liabilities related to Old Monsanto's production and sale of PCBs. Although Solutia was recently reorganized pursuant to Chapter 11 of the federal bankruptcy laws, it emerged from bankruptcy in February 2008.

105.    In 2000, the remaining portion of Old Monsanto, comprised of Old Monsanto's Life Sciences division, merged with Pharmacia/Upjohn Corp., which meant that Old Monsanto no longer existed as a separate corporate entity. Defendant Pharmacia then incorporated a new company in Delaware, also called "Monsanto Co.," which is now referred to as "New Monsanto," the other Defendant in this case. In 2002, Defendant Pharmacia spun off its interest in New Monsanto, and New Monsanto now operates as an independent corporate entity with its corporate headquarters and principal place of business in St. Louis, Missouri.

106.    In 2003, Defendant Pharmacia (what remained of "Old Monsanto") merged with Defendant Pfizer, Inc.

107.    As part of Solutia's federal bankruptcy plan of reorganization, New Monsanto agreed to indemnify Solutia for all tort "legacy liabilities" related to Old

Monsanto's activities, including the production and sale of PCBs. As a result of these various transactions, Defendants Pharmacia, Pfizer, Solutia and Monsanto collectively have legal responsibility for Old Monsanto's conduct in the production, sale, and distribution of PCBs, which is the subject of Plaintiffs' claims in this case.

108.     PCBs are a class of 209 discrete chemical compounds, called congeners, in which one to ten chlorine atoms are attached to biphenyl. From 1929, when Monsanto purchased the rights to produce PCBs from the Swann Chemical Co., until 1977, after Congress banned the manufacture of PCBs, Monsanto produced and sold 99 percent of all the PCBs that were ever sold in the United States. Over those six decades, Monsanto sold those PCBs as liquid mixtures, under the trade name "Aroclor," to a variety of industrial customers, for a wide variety of industrial uses. Each of Monsanto's Aroclor products contained a combination of different PCB congeners.

109.     Many of Monsanto's PCBs were used by its customers as insulating fluids, also known as "dielectric fluids," in certain electrical equipment, including high-temperature transformers and capacitors. However, Monsanto's Aroclor and other PCB products were also marketed and used for many other purposes, including in inks, paints, dedusting agents, pesticides, plasticizers, hydraulic fluids, lubricants, adhesives, and carbonless copy paper. Until 1971, approximately 40 percent of Monsanto's PCBs were sold for purposes other than use as insulating fluid for electrical equipment. From 1971 to 1977, Monsanto sold PCBs exclusively for use as insulating fluid in transformers and capacitors.

110.     Like other chlorinated organic compounds, such as dioxins, which are collectively known as "organochlorines," PCBs are considered "persistent organic pollutants," because they do not readily degrade in the environment after disposal, and they are not easily metabolized or broken down by humans or animals after absorption.   PCBs are lipophilic, and are stored in the fat tissue of humans and animals who have been exposed.   Because PCBs were dumped into the environment over decades by Monsanto, its customers, and the end users of various PCB-containing products, PCBs are now ubiquitous in the environment.   PCBs can be found in most animals, as well as in water, soil, sediment, and numerous other environmental media.   Thus, measurable quantities of PCBs are typically found in most of the foods that most Americans consume on a daily basis, including fish, beef, poultry, dairy products, and event fruits and vegetables.   Throughout the six decades that Monsanto produced and sold PCBs, the company knew or should have known that many of its PCBs would ultimately be disposed of in ways that would allow those PCBs to enter the environment.

111.     Because Monsanto's PCBs have contaminated the food chain and continue to be ubiquitous contaminants of the air, water, and soil, all Americans, including Plaintiffs, have been substantially exposed to Monsanto's PCBs through their diet and through other environmental exposures.   Although Monsanto's PCBs were incorporated into many other products before being dumped into the environment, those PCBs themselves, to which Plaintiffs have been exposed, are substantially the same chemicals as when they left Monsanto's possession.

112.     Throughout the decades during which Monsanto produced PCBs, the company was aware that exposure to PCBs carried significant health risks. Despite this knowledge, and despite the availability of substitute products, Monsanto continued to produce and market PCBs, while hiding from the public, its customers, and applicable governmental authorities the true health risks associated with PCBs. Such conduct was despicable and done with a willful disregard of the rights and safety of others. In other words, Monsanto was aware that its continued production and sale of PCBs would result in probable dangerous consequences in the form of environmental devastation and significant health risks for users and others exposed to its PCBs, and Monsanto deliberately chose to market its PCBs over the course of decades, despite this knowledge.

## V.  CAUSE OF ACTION: STRICT LIABILITY FOR DESIGN DEFECT

113.     Plaintiffs incorporate herein each allegation set forth above.

114.     Plaintiffs allege that Monsanto's various PCB products were defectively designed, and that those defectively designed products were a substantial factor in the development of each Plaintiff's cancer. Specifically, Plaintiffs allege that Monsanto sold its PCBs under the trade name Aroclor (and other trade names), and that through the foreseeable dumping of those Aroclor and other PCB-containing products by Monsanto itself, by its customers, and by end users, Monsanto's PCBs ultimately made their way to the environment and to the food chain. Because of the persistence of PCBs, those PCBs to which Plaintiffs were environmentally exposed were in substantially the same condition as when Monsanto sold them. Plaintiffs'

environmental exposures to Monsanto's PCBs were a substantial factor in the development of Plaintiffs' cancers.

## VI.  CAUSE OF ACTION: NEGLIGENCE

115.      Plaintiffs incorporate herein each allegation set forth above.

116.      Monsanto's decisions to market and distribute its various PCB products were negligent.  As described above, for decades, the company was aware of the hazards of PCBs, and either knew or should have known that its PCBs would be released into the environment.  Despite this actual and constructive knowledge, and despite the availability of numerous alternatives to PCBs for each of their uses, Monsanto continued to market PCBs.  Monsanto's ongoing negligent decisions to market and distribute those PCBs for decades led to Plaintiffs' environmental exposures, and were a substantial factor in the development of Plaintiffs' cancers.

## VII.  DAMAGES

117.      As a direct and proximate result of Defendants' conduct described above, Plaintiffs sustained damages, including past and future medical expenses, past and future pain and suffering, past and future mental anguish and disfigurement, past and future earnings loss and all other applicable damages.

118.      As a result of Defendants' gross negligence, complete indifference to or conscious disregard for the safety of others, malice and oppression described above, Plaintiffs hereby seek punitive damages.

## VIII.  PRAYER FOR RELIEF

119.      WHEREFORE, Plaintiffs pray judgment against all Defendants herein for all actual damages, pre-judgment and post-judgment interest, costs of suit, and all

such other and further relief to which Plaintiffs may show themselves to be justly entitled.

## IX. JURY DEMAND

120.     PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS.

Respectfully submitted,

ALLEN STEWART, P.C.

Allen M. Stewart
MO Bar No. 60331
Allen Stewart, P.C.
325 N. St. Paul St., Suite 2750
Dallas, Texas 75201
(214) 965-8700 Office
(214) 965-8701 Facsimile

Harry G. Potter
MO Bar No. 62671
Williams Kherkher Hart Boundas, LLP
8441 Gulf Freeway, Suite #600
Houston, Texas 77017-5051

John Simon
MO Bar No. 35231
The Simon Law Firm P.C.
800 Market Street, Suite 1700
St. Louis, MO 63101
**ATTORNEYS FOR PLAINTIFFS**

SERVICE:

MONSANTO CO.
Serve:  Registered Agent
CSC-Lawyers Incorporating Service Co.
221 Bolivar Street
Jefferson City, MO  65101

SOLUTIA, INC.
Serve:  Registered Agent
The Corporation Co.
120 South Central Avenue
Clayton, MO  63150

PHARMACIA CORP.
Serve Registered Agent
CT Corporation Systems
120 South Central Avenue

PFIZER, INC.
Serve:  Registered Agent
120 South Central Avenue
Clayton, MO  63105